You may proceed. Good morning, Your Honors. May it please the Court and Counsel, my name is Zora Staub-Laterman. I represent Austin Webster, who is the appellant in this case. I don't want to spend much time on the facts in this case. They're pretty straightforward. I do want to make one observation about the facts that I think is important. There are references in the county's briefing indicating that this incident occurred during a volleyball game or in the course of Mr. Webster playing volleyball. Those are not the facts. There was no volleyball game going on. They were getting ready to play volleyball, but the game hasn't started. And I think that's important because in the course of a volleyball game, you can have an accident, you can strike a ball, and it can land in many different places. Those are not the facts here. The facts here was that there was no game going on at the time, and that Ms. Lemke intentionally propelled the volleyball into Mr. Webster's face because she was upset that the gym wasn't quiet enough for her liking. And on the factual questions, the allegation of injury precisely is what, bruising? Is that how it's defined? Yes, Your Honor. Bruising, pain that required medical treatment. Not serious medical treatment, not a serious injury. But yes, the injury is bruised to the face with pain, and he required a trip to the nurse with pain medication. Yes. That's the injury. So if it's not serious, why isn't it de minimis? Or are those the same things? Your Honor, the de minimis injury question has been resolved by this Court in every possible context. In the context of prisons, in the context of jails and pretrial detainees, and in the context of police encounters. In every single one of these variations, this Court has held that the de minimis injury standard is not the test for whether there is a constitutional violation. The test is whether any degree of force was permissible under the circumstances. Well, but isn't it still the law that de minimis force does not raise a constitutional violation in a prison situation? Not in a pretrial detainee jail case, Your Honor. And there is a distinction now since Kingsley between pretrial detainee cases and prison cases. Prison cases, the test for the Eighth Amendment prison excessive force case is whether the correctional officer intended maliciously and sadistically to cause harm. Now, doesn't Kingsley cite Judge Friendly's opinion in Glick about how not every push and shove? Am I misremembering that? Your Honor, perhaps there are citations there. But Kingsley also expressly states that this subjective test no longer applies in pretrial detainee excessive force cases. Right. That's true. It's an objective, reasonable test. But you don't think there's still a requirement of something more than de minimis force? No, Your Honor. There's not. And again, the case law makes that clear. What case law? What case law? Sure. So I would direct the Court to three cases, somewhat recent. Fisherman v. Lauderville. This is the most recent case, 2024. The plaintiff in that case. From our court? Yes, Your Honor. Okay. Fisherman v. Lauderville. All right. I don't have a citation, but it's cited in our briefing. Actually, I do have it here. It's 104th 978. 2024 decision that came out while this appeal was pending, dealing with an inmate who suffered an injury that didn't even require a Band-Aid. He was offered a Band-Aid. He refused. This Court held that it doesn't matter what level of injury he sustained. The question is whether any degree of force was appropriate. And this Court stated that no force was appropriate. And so, therefore, any degree of injury creates a viable claim under 1983. Several other cases. Smith v. Conway. Edwards v. Bird. These are cases from 2014, different, admittedly different uses of force. Those cases involved tasers and inmates being kicked and shot with beanbags. But the analysis was the same, was that no degree of force was permissible in those cases. And so it didn't matter what the injury was. The issue is that the force was unconstitutional because no force was permitted under the circumstances. And one more case that I'll point the Court to, again, a more recent case from 2023, is Glover v. Paul. This is a case from, I believe, Ramsey County Jail here in the Twin Cities, involving also a situation that did not result in any injury. It pertained to a search where an inmate's genitals were improperly groped. But once again, the excessive force claim survived based on this idea that the injury doesn't matter when no force is permissible. And that's exactly what we're arguing in this case, Your Honors. There was no need for any degree of force whatsoever. There was no security threat. There was no resistance. There was no fight going on. There was nothing happening. She just simply decided to attack him in the face. So on that theory, even no injury would be sufficient? Your Honor. If she just tossed the ball at him and it bounced off his shoulder, you would say there's a due process violation? Your Honor, a 1983 claim requires some level of injury. So in order to have a 1983 claim, an injury is required. So if some situation occurs where some officer somehow brushes against an inmate but then there is no injury, then there is no 1983 claim. There is no constitutional violation because there's not a claim. In this case, we do have an injury. Yes, not a significant injury, but it is an injury nonetheless that the Constitution recognizes. I want to spend a few minutes on the Kingsley test, not dealing with the test itself, but the question of does— How about Jackson v. Buckman? Yes, Your Honor. Where we said a de minimis quantum of force used on a pretrial detainee is not actionable? Your Honor, under the case law that I cited, and also looking at Chambers v. Penney from the 2011 case, how do we determine what is a de minimis amount of force? Do we look at the physics of how she threw the ball? I think one of the primary elements we look at when we decide whether the force itself was de minimis is by looking at the level of the injury. And in cases where a correctional officer uses some degree of force, whatever it may be, that leaves no injury, that would be a de minimis use of force that maybe would fall under that standard. But in the case where an officer uses force that does cause an injury, cause the bruise, it causes them to go see a nurse, it causes them to require pain medication, that is not a de minimis injury, which means that the force itself also was not de minimis. Well, don't you have to look at it ex ante, though, since this is a qualified immunity case, and say would a reasonable officer, would every reasonable officer have known that throwing the volleyball amounted to more than de minimis force before you know about the injury, right? You have to—am I thinking about that right? Yes. So the question in a qualified immunity, the qualified immunity question, the second prong is whether a reasonable officer would have known that the conduct is unconstitutional. But the question is not, Your Honor, is whether throwing a volleyball into an inmate's face is unconstitutional. The appropriate question in this case is under the facts presented here, where there is no threat, there is no resistance, there is no security concern, is it appropriate for a correctional officer to strike an inmate in the face? Whether it's done by fist, whether it's done by shoe, whether it's done by volleyball, a bottle, a brick, that doesn't matter because the question is whether striking an inmate in the face is unconstitutional. Even if it's done with de minimis force? Even if it's done with de minimis force because of left-hand injury. That's correct, Your Honor. Because of what? Because of left-hand injury, yes. If she threw a ball at the floor and it bounced off his hip, that would not be a constitutional violation. Intentionally taking a ball and throwing it in an inmate's face, hard enough to leave a physical injury, is an assault under Minnesota State law. If he did this to her, he'd be charged with a felony assault on a corrections officer, and he would end up in prison. How could she not know at the same time that doing that to him is unconstitutional? And the answer is that she did know because later she apologized, and she herself stated that she was a bad role model. I only have a minute left, so I'll save that. A reasonable officer believed that the volleyball would not cause injury? A reasonable officer could not believe, Your Honor, that striking an inmate in the face would not result in an injury. In our view, a reasonable officer would know, given the case law cited in our briefing, given the Kingsley test, and every single factor, weighs in favor of a constitutional violation of this case. No correctional officer would believe that striking an inmate in the face under these circumstances would be constitutional. I'll save a little bit of time for rebuttal. Thank you. Mr. Campanario, we'll hear from you. Good morning, and may it please the Court, I have just a few points. There was some back and forth regarding the question of injury. It is true that the complaint alleges that this incident resulted in a bruise on Mr. Webster's face. Under circuit precedent, a bruise does, in fact, constitute a de minimis injury, and that is a principle that's discussed in several cases, including Chambers, which is one of the cases that's cited in the brief. So you have a de minimis injury, and at the very least, that means you have at least one factor that weighs against an excessive force claim under Kingsley. The second point relates to what is really the focus of an excessive force claim, and that is, what was the use of force? And is the quantum of force enough to implicate the Constitution? And Judge Grinder, you mentioned Jackson, you authored Jackson, and that's a 2014 decision in which this Court said that de minimis uses of force do not result in violations of the Due Process Clause of the 14th Amendment. Why was this de minimis, if it injured the man? It's, this is a qualified immunity case, and the argument that I've presented is that it's not clearly established that there was an excessive force violation, which means, in that context, the question is, is it clearly established that throwing the volleyball at Mr. Webster is more than a de minimis use of force? And the answer to that question is no. We've cited 20 or so cases where an officer has thrown an object at a plaintiff, and in case after case after case, courts have said that that's an example of a de minimis use of force. What's your best example of throwing something at an inmate and causing injury? I know there's the cup of water case and so forth, but there's no injury there, as I understand it. Yeah, cup of water. We have the other case from the Eighth Circuit, which involved a thrown set of keys. We have a case from the first. Was there injury from the keys, do you remember? If there was, it wasn't significant, just like the injury in this case was de minimis. In a case from the First Circuit, we have a radio belt that is thrown at the plaintiff's face and resulted in a bloody lip. In another case cited by the district court out of the District of Connecticut, there was a soap bar that was thrown at a plaintiff's face that resulted in a cut lip as well. So there's a number of them where you have a throwing incident that does result in an injury to the plaintiff. And in each one of those cases, the courts are still saying that this doesn't rise to the level of excessive force. Jackson has not been overturned. That would, of course, require an on-bank ruling by this court. There hasn't been one. Well, I think your counterpart is saying Kingsley superseded it. And it hasn't. Kingsley, so under the Eighth Amendment, it is clear from Supreme Court case law, and, of course, this Court's cases as well, that a de minimis use of force is okay unless it would be repugnant to the conscience of mankind. Okay, since the Fourteenth Amendment provides greater protection than the Eighth, it is theoretically possible that you could have a class of cases where a use of de minimis force under the Fourteenth Amendment is a violation. But there is no case, Kingsley or otherwise, that says that and that sets out what those circumstances might be. Kingsley could have said, in light of the fact that the standard under the Fourteenth Amendment is objective reasonableness, that means that unlike in the Eighth Amendment context, you can establish a violation of the Fourteenth even when you have de minimis use of force that isn't repugnant to the conscience of mankind. They didn't do that. They didn't say anything of that kind. And none of their cases since Kingsley have said anything of the kind. I do say a plaintiff can prevail by showing there's no rational, legitimate, I forget the exact language, that the use of force is not rationally related to a legitimate, non-punitive governmental purpose. Even in a situation where the use of force is de minimis? Well, it doesn't speak to that one way or the other. That's my point. It says it as a flat-out statement. I think the most forceful case that you can make. Wait a minute. I want to finish on this point about that part of Kingsley. Why doesn't that mean that if it's irrational and there's no legitimate purpose, that it's a violation even if it's de minimis force, if it is force? It's therefore excessive. I think the strongest thing you could say about Kingsley in favor of that position is that there are things in Kingsley that may suggest that a de minimis use of force under certain circumstances can violate the 14th Amendment. It's not enough to defeat qualified immunity to say that a rule is suggested by existing precedent. You have to show that it's clearly established in a way that would put every reasonable officer on notice that what they're doing is illegal. And if that were how courts were interpreting Kingsley, you'd have a case put before you by the other side saying that, and you don't have that. All of the cases that have been cited by Mr. Webster involve facts that are very far afield from the incident that happened in this case, and none of them state that a use of force is excessive even if it's de minimis and is not repugnant to the conscience of mankind. Was there a legitimate purpose at all asserted in this case? You have a volleyball activity about to begin. You have the defendant official explaining the rules to the inmates, and you have Mr. Webster, instead of listening to those rules, chatting with a fellow inmate. Those are the facts alleged. I think you can easily draw your own conclusion about the purpose of the use of force. You want to tell us what it was or what conclusion you think we should infer? It would be to get him to stop talking to his friend and pay attention to the instructions that were being given. But my defense doesn't... Yeah, have you argued that... My defense doesn't turn on that. I know it doesn't turn on it, but have you even argued it, that this was a legitimate use of force to quiet the inmate? I haven't argued that because I don't think it matters. We've gotten into some interesting questions about the relationship between the Eighth Amendment and the Fourteenth Amendment, but at the end of the day, the essence of the defense is that at the time this happened, you've got many cases where courts have examined similar incidents and found no violation. And on the other hand, you have a series of cases that involve far more egregious conduct that don't constitute clearly established law with regard to the circumstances at hand, which is what's required in an excessive force case in a qualified immunity defense situation. I don't have anything else. Very well. Thank you for your argument. We'll hear brief rebuttal. Yes, Your Honors, thank you. I'm going to go back to several cases. First of all, this Fisherman v. Landerville case, 2024 decision. Here's what it says. Nor does it matter that his injuries were minor and he refused a bandage, although the absence of a serious injury is a relevant factor. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has good fortune to escape without a serious injury. Pre-trial detainee case from 2024. Then we have Hubbard v. Barnett, also cited in the briefing, 1994 decision, where this Court makes the same exact finding with regards to prison cases. And then we've got the Chambers v. Pennington case, where this Court rejects this whole de minimis injury issue in a police case. In every context, this Court has done away with this de minimis injury requirement. We're past that, Your Honors. There is a clear violation here. The injury wasn't serious, but it's an injury that the Constitution recognizes. Thank you.